UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WENDELL DWAYNE O'NEAL,

   Plaintiff,

v.

G. TONY ATWAL, MARK F. ANDERSON,
UNKNOWN SECRETARIAL EMPLOYEE,
LAWRENCE HAMMERLING STATE
PUBLIC DEFENDER OFFICE and
MINNESOTA STATE,

   Defendants.

Civil No. 06-1677 (PJS/JJG)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue the State of Minnesota, the "State Public Defender Office," and various employees of the Minnesota Public Defender's Office, claiming that he did not receive proper legal representation during the course of a state criminal proceeding that was brought against him in 2004. Plaintiff apparently was prosecuted in the State District Court for Hennepin County, Minnesota, for stealing a woman's purse. He pleaded guilty to

attempted simple robbery, and received a 28-month sentence.

Plaintiff now alleges that the public defender who represented him during the course of his robbery prosecution did not provide adequate legal representation. He feels that he was coerced into pleading guilty, and that his attorney should have been able to avoid a conviction, (even though the evidence of his guilt appears to have been quite compelling). Plaintiff also claims that he did not receive adequate legal representation when he attempted to appeal his conviction and sentence.

In this action, Plaintiff is not specifically asking the federal court to vacate his state criminal conviction and sentence. He is claiming, however, that Defendants violated his federal constitutional rights during the course of his state criminal case. He claims that Defendants deprived him of due process and effective assistance of counsel, because they did not provide him with proper legal representation in that matter. Although Plaintiff's complaint does not describe any specific injury inflicted by Defendants, he is seeking a judgment against them for compensatory and punitive damages.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994). In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits a person from challenging a state criminal conviction in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid</u>..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, <u>the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

Id. at 486-87 (footnote omitted; emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. "Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release." Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, a judgment in Plaintiff's favor would, in the words of Heck, "necessarily imply the invalidity of his conviction." Plaintiff claims that he was deprived of his constitutional rights to due process and effective assistance of counsel during and after his state criminal case. A judgment in Plaintiff's favor on those claims certainly would imply that his state criminal conviction was invalid.

According to Heck, civil rights claims based on alleged constitutional improprieties, which resulted in an allegedly wrongful state criminal conviction, cannot properly be brought

in a federal civil rights action, unless the plaintiff has first established in a proper forum – i.e., in a state trial or appellate court, or in a federal habeas corpus proceeding – that his state criminal conviction was in fact invalid. Because that pre-condition has not been satisfied here, (i.e., the attempted simple robbery conviction has not been overturned), Plaintiff's present complaint fails to state an actionable claim for relief. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam) (plaintiff's ineffective assistance of counsel claim against public defender's office barred by Heck, because the allegations on which the claim was based "necessarily imply the invalidity of his conviction"); Kingery v. Hale, 73 Fed.Appx. 755 (5th Cir. 2003) (same); Bryan v. Greeno, No. 95-3235 (10th Cir. 1996), 1996 WL 196604 (unpublished opinion) at *1 (plaintiff's attempt to sue his former defense attorney for ineffective assistance of counsel was properly dismissed, because Plaintiff's criminal conviction had not been previously invalidated, as required by Heck).

In short, Plaintiff's present action is premature. He cannot maintain a civil action seeking damages, (or any other civil remedy), for the alleged deprivation of his constitutional rights during and after his state criminal case, without first securing a court order specifically invalidating that conviction. In other words, he must successfully challenge the conviction itself, in a legally appropriate forum and manner, before he can seek a civil judgment based on the allegedly unconstitutional actions underlying his conviction. Because Plaintiff has not yet done that, his complaint fails to state a cause of action on which relief can be granted.

The Court further notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment, which generally precludes states from being sued in federal court. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam). Assuming that the State

Public Defender's Office is a State agency, as Plaintiff alleges, then that Defendant also is immune from suit under the Eleventh Amendment. Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995),

The Court also notes that the remaining Defendants apparently are individuals who work for the Public Defender's Office. Such individuals are generally treated as private parties, and not state actors, which means that Plaintiff cannot sue those individuals under the federal civil rights statute, (42 U.S.C. § 1983), as he is attempting to do here. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defenders normally cannot be sued in a federal civil rights action, because they are not considered to be acting under color of law when they are representing indigent criminal defendants); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974) (same); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976) (same).

For the reasons discussed above, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii). Based on the Court's determination that Plaintiff has failed to plead an actionable claim, it will also be recommended that his pending IFP application, (Docket No. 2), be summarily denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

be DENIED; and

  2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 23, 2006          s/Jeanne J. Graham

                 JEANNE J. GRAHAM
                 United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 13, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.